1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    VICTORY STRATTON,                           No.  2:24-cv-3406 TLN AC PS

12                    Plaintiff,

13          v.                                     ORDER and

14    PHH MORTGAGE CORPORATION,                    FINDINGS AND RECOMMENDATIONS

15                    Defendant.

16

17          Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the

18    undersigned by E.D. Cal. 302(c)(21).  Plaintiff filed a request for leave to proceed in forma

19    pauperis ("IFP") and has submitted the affidavit required by that statute.  See 28 U.S.C.

20    § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

21                                         **I. Screening**

22          The federal IFP statute requires federal courts to dismiss a case if the action is legally

23    "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks

24    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A

25    claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

26    Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will

27    (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

28    baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and

                                                    1

1   (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton

2   Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S.

3   1037 (2011).

4          The court applies the same rules of construction in determining whether the complaint

5   states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

6   must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

7   construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

8   less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520

9   (1972).  However, the court need not accept as true conclusory allegations, unreasonable

10  inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

11  624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

12  to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

13  556 U.S. 662, 678 (2009).

14         To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

15  state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has

16  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

17  reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at

18  678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

19  to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.

20  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in

21  Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

22         A.  The Complaint

23         Plaintiff is suing PHH Mortgage Corporation for violations of the Real Estate Settlement

24  Procedures Act ("RESPA"), Declaratory Relief, violations of the Truth in Lending Act ("TILA"),

25  and Fraud in the Concealment related to the real property located at 7041 McGill Court, Elk

26  Grove, California ("the subject property").  ECF No. 1 at 2-35.  Plaintiff alleges that on July 21,

27  2021, she obtained a Forensic Chain of Title Securitization Analysis, Mortgage Audit Report that

28  showed that the Note and the Mortgage on the subject property are irreparably separated.  ECF

1    No. 1 at 8.

2         Plaintiff initiated another action in this court, <u>Victory Stratton v. Premier Trust Deed

3    Services, et al.</u>, 2:23-cv-2004 DAD SCR ("<u>Stratton I</u>"), that is ongoing.  <u>Stratton I</u> was removed

4    to this court from state court on September 15, 2023.  Though plaintiff did not name PHH

5    Mortgage Corporation as a defendant in her initial complaint in <u>Stratton I</u> (ECF No. 1-2), there is

6    a pending Second Amended Complaint naming PHH Mortgage Corporation as a defendant.

7    <u>Stratton I</u> at ECF No. 31.  <u>Stratton I</u> and the instant case arise from an identical factual basis: in

8    both cases plaintiff seeks to assert a superior claim of title to the property located at 7014 McGill

9    Court, Elk Grove, California based on the July 21, 2021 Forensic Chain of Title report.  ECF No.

10   1; <u>Stratton I</u> at ECF No. 1-2 at 3.

11        B.  <u>Analysis</u>

12        This complaint must be dismissed because it is duplicative of another ongoing case in this

13   district.  The district court has the power to control its docket, including the power to dismiss

14   claims that are duplicative of claims presented in other cases.  <u>M.M. v. Lafayette Sch. Dist.</u>, 681

15   F.3d 1082, 1091 (9th Cir. 2012) (affirming district court's dismissal of claim presented in a

16   separate case).  "To determine whether a suit is duplicative, we borrow from the test for claim

17   preclusion.  As the Supreme Court stated in <u>The Haytian Republic</u>, "the true test of the

18   sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first

19   suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second

20   suit." 154 U.S. 118, 124 (1894)."  <u>Adams v. California Dep't of Health Servs.</u>, 487 F.3d 684,

21   688–89 (9th Cir. 2007) (overruled on other grounds <u>Taylor v. Sturgell</u>, 553 U.S. 880 (2008)).

22        The Ninth Circuit clarified in <u>Adams</u> that "in assessing whether the second action is

23   duplicative of the first, we examine whether the causes of action and relief sought, as well as the

24   parties or privies to the action, are the same."  <u>Id.</u>  "A suit is deemed duplicative if the claims,

25   parties and available relief do not vary significantly between the two actions."  <u>Shappell v. Sun

26   Life Assur. Co.</u>, No. 2:10-CV-03020-MCE, 2011 WL 2070405, at *2, 2011 U.S. Dist. LEXIS

27   55644 (E.D. Cal. May 23, 2011).  To assess whether successive causes of action are the same,

28   courts utilize the "transaction test, " which requires consideration of four criteria: 1) whether the

rights or interests established in the initial action would be impaired by prosecution of a second suit; 2) whether substantially the same evidence would be presented in both actions; 3) whether both suits involve infringement of the same right; and 4) whether both suits arise out of the same transactional nucleus of facts.  Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir.1982).  The last factor has been deemed the most important.  Id. at 1202.

Here, all elements are met.  As a preliminary matter, it is clear that plaintiff intends to name PHH Mortgage as a defendant in both suits, as discussed above.  Plaintiff's inclusion of other defendants in Stratton I does not substantially distinguish that case from this case because plaintiff's underlying claim is the same; plaintiff is seeking to assert her title to the same subject property.  Because Stratton I is an ongoing case, even if plaintiff's Second Amended Complaint is ultimately rejected, plaintiff could make a motion in that case to include PHH as a defendant; the desire to add PHH Mortgage as a defendant in Stratton I does not support the filing of a duplicative case.  Fed. R. Civ. P. 15.

Most importantly, Stratton I and this case arise out of the same incident.  Both cases seek to clear plaintiff's title to the McGill Court property.  ECF No. 1 at 2; Stratton I, ECF No. 1-2 at 3.  Indeed, the complaints in both cases are substantively identical.  Compare ECF No. 1 and Stratton I, ECF No. 1-2.  Because both cases arise out of the same incident and involve substantially the same allegations, the cases arise from the same transactional nucleus of fact.  Costantini, 681 F.2d at 1201–02 (9th Cir.1982).  With two separate lawsuits based on the same incident and involving substantially the same parties, it is axiomatic that the cases will involves substantially the same evidence and that a decision in one case would impair the prosecution of the other.  Thus, the elements of the transaction test are satisfied.  Id.

"It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims."  M.M., 681 F.3d at 1091 (9th Cir. 2012).  This case is duplicative of the case pending at 2:23-cv-2004-DAD-SCR.  In the interest of the competent administration of justice and judicial economy, it must be dismissed in favor of the prosecution of the earlier filed lawsuit.

////

4

## II.     Leave to Amend is Not Appropriate

Leave to amend is not appropriate in this case because it is duplicative of an earlier filed, ongoing lawsuit.  If plaintiff seeks leave to file an amended complaint, she should do so in her initially filed case.

## III.     Pro Se Plaintiff's Summary

Your request to proceed in forma pauperis is being granted and you do not need to pay the filing fee.  However, the Magistrate Judge is recommending that this case be dismissed because it is a copy of the same as a case you filed earlier, Stratton v. Premier Trust Deed Services, et al., 23-cv-2004 DAD SCR.  Both your original case and this case are about your rights to the same property and the cases involve all the same facts.  If you want to add PHH Mortgage as a defendant or change your claims, you must do so by making a motion in the ongoing case; you cannot file a second case.  You have 21 days to object to this recommendation if you wish to do so.  The District Judge will make the final decision about dismissing this case.

## IV.  Conclusion

Accordingly, the undersigned orders that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED but recommends that the complaint (ECF No. 1) be DISMISSED because it is duplicative of another case pending in this district.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 10, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE